UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL DRAGASH,

    Plaintiff,

v.                                      Case No: 8:21-cv-1642-TPB-CPT

JP MORGAN BANK, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECUSAL, MOTION TO REMAND, AND MOTION TO STAY, GRANTING MOTIONS TO DISMISS WITH PREJUDICE, DECLARING PLAINTIFF DANIEL DRAGASH TO BE A VEXATIOUS LITIGANT, AND AWARDING FURTHER RELIEF

Plaintiff Daniel Dragash filed a *pro se* "Verified Complaint" in state court seeking damages against various defendants who include a United States District Judge, sitting and retired United States Bankruptcy Court Judges, a United States Magistrate Judge, a former United States Attorney, the Florida Attorney General, two state circuit court judges, JPMorgan Chase Bank, N.A. ("Chase"), and others. (Doc. 1-1).  The complaint begins with a heading referring to Defendants as a "Cabal of Jurists, Opposing Counsels, Florida Attorney General who . . . flagrantly, deceitfully, subvert the Rule of Law" and proceeds to engage in a disrespectful, nonsensical, stream of consciousness rant directed at Defendants' conduct in connection with previous legal proceedings involving Plaintiff.  (*Id.* at 1-4). Defendants removed the case to this Court.  Plaintiff moved to remand the case and, after receiving adverse rulings from the Court, filed a motion to recuse the

undersigned and Magistrate Judge Christopher P. Tuite. Defendants have moved to dismiss the complaint with prejudice.

*Motion to Recuse*

Plaintiff's unsworn motion for recusal or disqualification (Doc. 32) appears to be based on (1) Plaintiff's disagreement with rulings by the undersigned and by Magistrate Judge Tuite, and (2) the fact that Plaintiff has sued other judges.[1] Neither provides a basis for recusal, particularly given the patently frivolous and scandalous nature of the allegations, discussed further below. *See Johnson v. Monaco*, 350 F. App'x 324, 327 (11th Cir. 2009) (holding that bias must stem from an extra-judicial source; adverse rulings alone are insufficient to demonstrate partiality absent a showing of pervasive bias)*; Smartt v. United States*, 267 F. Supp. 2d 1173, 1176-77 (M.D. Fla. 2003) (noting that adverse rulings, personal attacks and baseless suits against a judge do not provide a basis for recusal); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) ("Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . . ."). The motion provides no facts demonstrating personal bias or any basis on which the impartiality of the judges assigned to this case might be questioned. *See* 28 U.S.C. § 144; 28 U.S.C. § 455; *Johnson v. Wilbur*, 375 F. App'x

---

[1] Plaintiff's dissatisfaction with Judge Tuite centers on Tuite's orders prohibiting Plaintiff from corresponding with the Court by email rather than by a motion or other appropriate filing. (Docs. 23; 29). Judge Tuite's orders were perfectly proper. In fact, Plaintiff was advised by the Court in previous litigation that it is improper to correspond directly with the Court. *See* (Doc. 1-1 at 41). Despite this prior notice and Judge Tuite's orders in this case, Plaintiff has continued to send e-mails to chambers.

960, 964-65 (11th Cir. 2010); *Smartt*, 267 F. Supp. 2d at 1176. Plaintiff's motion for recusal or disqualification is denied.

*Motion to Remand*

Plaintiff has moved to remand this action to state court. (Doc. 6). Plaintiff's claims are grounded in part on alleged actions by the defendant federal judges in their official capacities during prior legal proceedings involving Plaintiff, allegedly in violation of his due process rights. The judges named as defendants are asserting a defense of absolute judicial immunity. *See* (Doc. 25 at 4-12). The case was therefore properly removed. *See* 28 U.S.C. § 1442(a)(1) (providing for removal of claims against federal officials for actions take under color of office); 28 U.S.C. § 1442(a)(3) (providing for removal of against any officer of the courts of the United States relating to "any act under color of office or in the performance of his duties"); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969) (stating that "the right to removal under s 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office"); *Cuyler v. Ley*, No. 1:12-cv-3066-JEC, 2013 WL 4776347, at \*3 (N.D. Ga. Sept. 5, 2013) (stating that removal is proper under § 1442 where the defendant can advance a colorable defense and show a "causal connection between [the] . . . asserted official authority and the action against him.").

Plaintiff's remand motion cites 15 U.S.C. § 77v, which with some exceptions prohibits removal of cases "arising under" the Securities Act of 1933. Plaintiff, however, does not allege that he is a purchaser of securities nor does he offer any

basis to conclude this case arises under the Securities Act. *See* 15 U.S.C. §§ 77k, 77l. Plaintiff's motion to remand is denied.

*Motion to Stay*

After filing the recusal motion, Plaintiff filed a motion seeking a stay of this case pending the outcome of a petition for writ of prohibition Plaintiff has filed in the Eleventh Circuit. (Doc. 33). Plaintiff has shown no likelihood of prevailing on the merits, nor has he demonstrated irreparable harm to himself or likelihood of harm to others if a stay is not granted. The public interest would not be served by a stay. To the contrary, as discussed below, the public interest is best served by dismissal of this suit and placing limitations on Plaintiff's abusive filings. Plaintiff's motion to stay is denied.

*Motions to Dismiss*

A number of Defendants, including those who have been served with process, have moved to dismiss the complaint with prejudice. (Docs. 10; 20; 25). The complaint appears to seek $500,000 in damages and cancellation of a 2002 note and mortgage but consists principally of a jumbled stream of allegations directed at various individuals involved in prior legal proceedings with Plaintiff as parties, opposing attorneys, judges, and others. The complaint on its face is "wholly insubstantial, unintelligible and frivolous," and leave to amend would be futile. *See, e.g.*, *Banks v. Pompeo*, No. 2:19-cv-755-FtM-29NPM, 2019 WL 11477403, at *2 (M.D. Fla. Dec. 11, 2019) (citing *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019)), *report and recommendation adopted*, 2019 WL 11478072 (M.D.

Fla. Dec. 30, 2019); *Bey v. McEwen*, No. 8:20-cv-4-T-36TGW, 2019 WL 838240 (M.D. Fla. Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 836270 (M.D. Fla. Feb. 20, 2020) (dismissing complaint against federal judge without leave to amend); *McKenna v. Obama*, 3:15cv335/MCR/CJK, 2016 WL 5213940, at *2 (N.D. Fla. Aug. 19, 2016) ("[F]urther processing of what might be loosely described as plaintiff's claims, would result in waste of scarce public resources and would only serve as an incentive to further abuses."), *report and recommendation adopted*, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016). Therefore, the motions to dismiss are granted and the complaint will be dismissed with prejudice as to all Defendants.

***Relief against Plaintiff's Abusive and Vexatious Pattern of Litigation***

Defendant Chase's motion to strike or dismiss also seeks an order to show cause why Plaintiff should not be prohibited from further filings against Chase based on previously litigated circumstances unless Plaintiff is represented by counsel and given leave of Court. Chase's motion catalogs Plaintiff's pattern of vexatiously relitigating previously decided issues as well as filing papers containing scandalous, impertinent, and disrespectful allegations. Orders and other filings reflecting Plaintiff's history of litigation include:

- *Dragash v. Fed. Nat'l Mortg. Ass'n*, No. 8:15-cv-847-T-TGW, 2016 WL 9632958 (M.D. Fla. Mar. 14, 2016) (dismissing with prejudice Plaintiff's claims regarding the validity of 2002 note and mortgage on his property), *aff'd*, 700 F. App'x 939 (11th Cir. 2017)

- *Dragash v. Saucier*, No. 8:17-cv-259-T-30AEP, 2017 WL 1426708, at * 3 (M.D. Fla. Apr. 21, 2017) (dismissing with prejudice claims against opposing counsel and Judge Wilson's courtroom deputy arising out of events in Case No. 8:15-cv-847-T-TGW), *aff'd*, No. 17-12031-JJ, 2017 WL 5202252 (11th Cir. Sept. 26, 2017)

- *Dragash v. JPMorgan Chase Bank*, N.A., et al., No 2018-CA-3773-NC (Fla. 12th Jud. Cir., Aug. 16, 2019) (dismissing third amended complaint with prejudice) (Doc. 10-2), *aff'd*, 293 So. 3d 1010 (Fla. 2d DCA 2020) (*per curiam*)

- *JPMorgan Chase Bank., N.A. v. Dragash*, No. 2019-CA-00636 (Fla. 12th Jud. Cir.) (counterclaim raising validity of mortgage) (Doc. 10-5)

In the 2018 and 2019 state court actions noted above, Plaintiff filed 11 motions for recusal, sought to take depositions of the trial judge and a judicial assistant, sought to disqualify opposing counsel, and was admonished by the court for improper references to opposing counsel's ethnicity. *See* (Doc. 10-6, 10-9, 10-10). Plaintiff has continued this pattern of abuse in this case. *See* (Docs. 1-1 at 1-4; 24; 31; 32). On July 30, 2021, Plaintiff filed yet another similar action in state court against Chase and others, including federal and state officials, which has been removed to federal court. *See Dragash v. JP Morgan Chase Bank, N.A.,* No. 8:21-cv-2080-TPB-CPT, at Doc. 1-1 (suit against Chase, its attorneys, and others, referring to the "CORRUPT FEDERAL DISTRICT COURT, TAMPA" and the "Florida Corrupt Attorney General").

It is very clear that Plaintiff is not proceeding in good faith and is attempting to use the courts for improper purposes. As Judge Moody aptly observed in connection with the suit listed above filed by Plaintiff against Judge Wilson's courtroom deputy, this is a "baseless lawsuit" filed against individuals "for simply doing their jobs" and designed to "intimidate and heckle those [Plaintiff] imagines have done him wrong." *Dragash v. Saucier*, 2017 WL 1426708, at * 3.

In cases like this where parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always

respecting the rights of parties to pursue legitimate claims. The Eleventh Circuit has recognized that the "All Writs Act" (28 U.S.C. § 1651) empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *see also Martin-Trinoga v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). The Eleventh Circuit has affirmed various injunctions – such as pre-filing screening restrictions – against vexatious litigants. *See, e.g., Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991).

When determining whether to enter an injunction against a *pro se* litigant, a district court should consider, among other factors: (1) the litigant's history of litigation, and in particular, whether it involved vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursing the litigation, including whether they have an objective good faith expectation of prevailing; (3) whether the litigant has caused needless expense to other parties or imposed an unnecessary burden on the courts and their personnel; and (4) whether other sanctions would be appropriate to protect the interests of the courts and other parties. *Ray v. Lowder*, No. 5:02-cv-316-Oc-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003).

Upon consideration of these factors, the Court concludes that Plaintiff is a vexatious litigant and that sanctions are appropriate. Plaintiff has filed multiple proceedings and claims seeking to perpetuate litigation on previously decided claims and issues, and his filings have become filled with frivolous and scandalous

allegations manifestly intended to intimidate and harass. He cannot have an objective good faith expectation of prevailing on these claims. With every incomprehensible and scandalous paper he files, Plaintiff is imposing an unnecessary burden on the parties he is suing, and on the courts and their personnel. The filing of frivolous pleadings and other papers such those filed by Plaintiff in this case is abusive because "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

Under these circumstances, the Court finds it appropriate to enjoin Plaintiff from filing any action, complaint, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.

*E-Mails*

Due to the voluminous and unnecessary e-mails Plaintiff has chosen to send to this Court, he is directed to cease using e-mail to communicate with any member of the Court, or any court employee. This Court will not read or respond to these communications.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's "[Motion for] Recusal / Disqualification of 'Judges' Pursuant

to 28 United States Code Sec. 455" (Doc. 32) is **DENIED**.

(2) Plaintiff's "[Motion to] Remove and Remand Case to 12th Judicial Circuit, Sarasota, Florida" (Doc. 6) is **DENIED**.

(3) Plaintiff's "[Motion] for 'Stay' of Proceedings, Pending Review of Court's Order, and Pursuant to 11th Cir. R. 18-1 and 18-2" (Doc. 33) is **DENIED**.

(4) "Defendant JPMorgan Chase Bank, N.A.,'s Motion to Strike or Dismiss the Complaint, and for Issuance of an Order to Show Cause, and to Enjoin Future Filings by Plaintiff" (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that the complaint is dismissed with prejudice, and to the extent that Plaintiff is subject to the injunction set forth below. The motion is otherwise **DENIED**.

(5) "Defendant Judge Walker and Judge Roberts' Motion to Dismiss Plaintiff's Verified Complaint" (Doc. 1-1)" (Doc. 20) is **GRANTED**.

(6) "Federal Defendants' Motion to Dismiss with Prejudice" (Doc. 25) is **GRANTED**.

(7) Plaintiff Daniel D. Dragash is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), and he is **ENJOINED** and **PROHIBITED** from filing any new document – including, but not limited to, any action, complaint, petition, or motion – in the Middle District of Florida that (1) relates in any way to the 2002 note and mortgage on his property,

(2) relates in any way to prior litigation involving Plaintiff with respect to the 2002 note and mortgage, including the cases referenced on pages 5-6 above, or (3) is brought against any active, senior, or retired Article III judge, or magistrate judge, or bankruptcy judge, or any federal judicial employee, or against any active or retired Florida state court judge, without first obtaining the prior written approval of the senior Magistrate Judge in the division in which the document is sought to be filed.

(8) Any motion for leave to file must be captioned "Motion for Leave to File Pursuant to Court Order," and Plaintiff must attach to each and any such motion: (1) a copy of any proposed complaint, petition, or other document; (2) a copy of this Order; and (3) a certification – under oath – that there is a good faith basis for filing the complaint, petition, or other document.

(9)  In the event that the senior Magistrate Judge's review results in a finding that Plaintiff's proposed filing is not frivolous, then the Magistrate Judge shall direct the Clerk to file Plaintiff's document.  If such a nonfrivolous filing commences a new action or proceeding, then the Magistrate Judge shall direct the Clerk to file the case and assign it according to the normal procedures.

(10)  In the event that the senior Magistrate Judge's review results in a finding that Plaintiff's proposed filing is frivolous, the document will

not be filed with the Court but instead will be returned to Plaintiff.

(11) Should Plaintiff violate this Order and file an action without first seeking leave, the action will be dismissed for failing to comply with this Order.

(12) Plaintiff is further prohibited from sending e-mails or other correspondence to any judge in the Middle District of Florida unless expressly requested by the Court to do so. All unauthorized e-mails are subject to deletion before having been read.

(13) Plaintiff is further warned that the continued submission of further frivolous filings or the submission of e-mails or other correspondence to chambers may result in the imposition of additional sanctions, including monetary sanctions. *See* 28 U.S.C. § 1651.

(14) Plaintiff's complaint is **DISMISSED WITH PREJUDICE**, without leave to amend.

(15) The Clerk is directed to terminate any pending motions and deadlines and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of September, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**